IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Jesus R. Banks-Rivera,  )
       Petitioner,  )
)
)
-v-  )
)
United States Of America,  )  Case No: 99-CR-256(PG)
       Respondent.  )
)
)

MOTION FOR NUNC PRO TUNC ORDER FOR CLARIFICATION OF
CALCULATION OF TIME SERVED AND THE CLARIFICATION OF
CONCURRENT SENTENCE PURSUANT TO U.S.S.G. §§ 5G1.3(c)

TO THE HONORABLE COURT:

    Comes Now, **Jesus R. Banks-Rivera,** herein after the Petitioner, who appears Pro-Se and indigent in the above numbered case, and respectfully moves this Honorable Court to enter a Nunc Pro Tunc Order to clarify the calculation of time served and the clarification of the imposition of concurrent sentences by this Honorable Court pursuant to United States Sentencing Guidelines (USSG) Section 5G1.3(c), in order to provide Petitioner with the jails credicts for all the time served by Petitioner in official custody.

    In support of this Motion for a Nunc Pro Tunc Order for a clarification of Petitioner's sentencing, Petitioner respectfully states the following:

## BACKGROUND OF THE CASE
## "COURSE OF THE PROCEEDINGS"

1. On December, 15, 1997, Petitioner is arrested for Possession of a Controlled Substance by the local Police Department of the City of Guayama, Puerto Rico.

2. On March 09, 1999, Petitioner is sentenced to serve a term of imprisonment of 132 months of imprisonment in the Superior Court of Guayama, Puerto Rico.

3. On or about August 19, 1999, a Grand Jury sitting in the District of Puerto Rico returned an One Count Indictment charging Petitioner with Conspiracy to Distribute Narcotics in violation of Title 21, Section 841(a)(1) and Section 846.

4. On August 24, 1999, Petitioner is transfered from the Custody of the Puerto Rico State prison to Federal Custody to respond for the Federal Charges filed against Petitioner.

5. On or about September 2000, Petitioner appeared before the Honorable Perez-Gimenez, USDJ, and plead guilty to the charges in the One Count Indictment.

6. On February 9, 2001, Petitioner appeared before the Honorable Perez-Gimenez, USDJ, and was sentenced to a term of imprisonment of 120 Months of imprisonment followed with a term of five years of supervised release.

7. On April 9, 2001, Petitioner was transfered back to Custody of the Puerto Rican State prison.

8. On October 22, 2004, Petitioner complected his Puerto Rican State Sentence, and Petitioner is returned to Federal Custody.

## PETITIONER'S CLAIMS

### CLAIM I

9. Since, Petitioner arriving at FCI Loretto, PA, he is being informed by FCI Loretto Staff Members with differents condictions for the term of imprisonment imposed on Petitioner by this Court on February 09, 2001.

10. Petitioner has been informed by FCI Loretto Staff Members that the Federal Sentencing Court is silent regarding the date that Petitioner's sentence began to be computated. And, that there is no indication whether or not Petitioner's Federal Sentence is running concurrently with his Puerto Rican Sentence.

11. That Federal Sentencing Court made no indication for the date that Petitioner's Federal Sentence is began to be computated with his Puerto Rican State Sentence. As such, Petitioner's Federal Sentence began to be calculated and computated the date that Petitioner arriving at FCI Loretto, PA.

12. Petitioner is serving a term of imprisonment greater than the term of imprisonment imposed by this Court on February 09, 2001.

13. Petitioner is receiving no credit for all the time spent in official detention. and, Petitioner is receiving no credit for his Federal Sentence running concurrently with his Puerto Rican State Sentence as this Federal Court ordered.

---

[1] This Court granted a Nunc Pro Tunc Motion for Puerto Rican Sentence to be served concurrently with Federal Sentence.

3.

14. The only reason that FCI Loretto, PA (BOP) refuses to apply any further custody credit to Petitioner's Federal Sentence, was because the "Federal Sentence is silent" whether or not Federal Sentence is served concurrent with Puerto Rican Sentence. It is this silent that Petitioner seeks to clarify in the present Motion, since, Petitioner is serving a sentencing greater that the sentencing imposed by the Sentencing Court.

15. Under U.S.S.G. § 5G1.3, a Federal Sentencing Judge can adjust a sentence to take into account time that are/will not be credicted by the BOP to the Federal Sentence.

16. Petitioner's Federal Sentence time should start on the date that Petitioner was transfered to Federal Custody to respond for the Federal charges. Effectively, on August 24, 1999, Petitioner was transfered from the Puerto Rican custody to Federal custody because of the Federal charges filed against him by a Federal Grand Jury on August 19, 1999.

Because Petitioner was essentially lef in limbo by the procedural bureaucracy, and Federal Court forgot to notify the BOP of this Court granting a Nunc Pro Tunc Motion for Petitioner's Puerto Rican Sentence to serve concurrently with his Federal Sentence. And, Petitioner requests that the Federal Sentencing Court clarify its intent that Petitioner's Federal Sentence starts the date that Petitioner was transfered from the Puerto Rican Custody to Federal Custody to respond for the Federal Charges, for which Petitioner entered a plea of guilty and was sentenced to a term of 120 months of imprisonment. In that way Petitioner will receive credit for his Puerto Rican Sentence served concurrent withi Federal Sentence.

**CLAIM II**

**PETITIONER IS NOT RECEIVING CREDIT FOR ALL THE TIME SPENT IN OFFICIAL DETENTION PRIOR THE DATE THAT FEDERAL WAS IMPOSED BY THIS COURT.**

17.   18 U.S.C. § 3585(a), **Commencement of Sentence**, A sentence to a term of imprisonment commences on the date that defendant is received in custody awaiting transportation to, or arrives voluntary to commence service of sentence.   18 U.S.C. § 3585(b) requires that a defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior the date that sentence commences.

18.   Since, Petitioner arriving to FCI Loretto, PA, through the institutional Administrative procedures, he has been asking about the calculation of his Federal Sentence, learning that he is not receiving credit for all the time spent in official detention prior the date that sentence was imposed on February 09, 2001.

19.   Petitioner has been informed by FCI Loretto Staff Members that "Federal Sentence is silent" regarding the date that Petitioner receiving credit for Federal Custody, as such, the date computation began for Petitioner's Federal Sentence is the date that Petitioner arriving at FCI Loretto, PA.

20.   Under 18 U.S.C. § 3585(a) and 3585(c), Petitioner's Federal Sentence should start the date of Petitioner's placement under Federal Custody, since, at that time, Petitoner was declared under Federal arrest, and his Constitutional rights readed by the arresting USMS, whose placing Petitioner under Federal Custody as result of

a Federal investigation that resuted in a Federal Indictment filed against Petitioner, even though, before Petitioner was being transfered to Federal Custody by USMS.

21. As previously stated, at this moment, Petitioner is serving a Sentencing more greater than the Sentencing imposed by the Sentencing Court on February 09, 2001, Since, the Sentencing Court is silent regarding the date that Petitioner is receiving credit for the time spent in Federal Custody.

22. Petitioner's Federal Sentence should start on August 24, 1999, on the date of Petitioner's arresting by USMS.

Petitioner seeks to clarify the date that his sentence computation began, since, Petitioner is serving a sentencing greater than the sentencing impose by this Court.

## CONCLUSION

**Wherefore,** Petitioner respectfully requests that his Court grant this Motion for a Nunc Pro Tunc Order to clarify the calculation of time served and the clarification of this Court granting a Nunc Pro Tunc Order for Petitioner's Puerto Rican Sentence to serve concurrently with his Petitioner's Federal Sentence. In order to provide Petitioner with the jails credit for all the time served by Petitioner in official detention and time spent serving in his Puerto Rican Sentence credited to his Federal Sentence.

RESPECTFULLY SUBMITTED

BY: _____
    Jesus R. Banks-Rivera



Executed this _2TH_ day of February, 2006.

## CERTIFICATE OF SERVICE

This is to certify that I have this date under the pains and penalty of perjury Title 28 U.S.C. § 1746 served a true and correct copy of the foregoing Motion for a Nunc Pro Tunc Order for clarification of calculation of time served and the clarification of concurrent sentence upon counsel of record as follows: U.S. Attorney Officer for the District of Puerto Rico, Federal Building 350 Carlos Chardon, Hato Rey, Puerto Rico 00918, by placing the same in the United States mail, first class postage pre-paid and properly affixed thereto.

Dated this 2-TH February, 2006.

BY: /s/ Jesus R. Banks-Rivera
      Jesus R. Banks-Rivera