# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JESUS R. BANKS-RIVERA,<br><br>   Defendant. | Criminal No. 99-256 (PG) |

### UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NUNC PRO TUNC ORDER

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1. On February 8, 2006, the defendant, Jesús R. Banks-Rivera (hereinafter "the defendant"), *pro se*, filed a Motion for Nunc Pro Tunc Order for Clarification of Calculation of Time Served and the Clarification of Concurrent Sentence Pursuant to U.S.S.G. §§ 5G1.3(c).

2. The crux of the defendant's motion is that the Federal Bureau of Prisons (BOP) should credit the time served prior to the date his federal sentence commenced. Specifically, the defendant argues that he is entitled to credit towards his federal sentence for time served from August 24, 1999 – the date of his arrest by the U.S. Marshals Service – to February 9, 2001, the date on which the defendant's sentence was imposed.

3. The Prison Litigation Reform Act (PLRA) provides that no action shall be brought with respect to prison conditions under section 1983 of Title 42, or any other federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. See 42 U.S.C. § 1997e(a).

4.  The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516, 532 (2002).

5.  The BOP administrative remedy procedure is codified in 28 C.F.R. §542.10, et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. This process requires that inmates first attempt informal resolution of their complaints by presenting an issue of concern informally to staff, and that staff attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. See 28 C.F.R. § 542.13.

6.  If informal resolution is insufficient to resolve the matter, the inmate may file a formal written Administrative Remedy Request with the Warden (BP-9) within twenty (20) days of the date on which the basis of the complaint occurred. See 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director (BP-10). If the inmate is dissatisfied with the regional response, he or she may file an Appeal with the General Counsel (BP-11). Appeal to the General Counsel is the final administrative appeal in the BOP. See 28 C.F.R. § 542.15.

7.  One of the major tenets behind the exhaustion requirement is the recognition that an agency should be given the opportunity to take corrective action in matters of administering its programs prior to reaching the federal court. Exhaustion affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case. In

some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. See <u>Porter</u>, *supra*, at 517.

8.  The U.S. Supreme Court has held that the Attorney General, through the BOP, possesses the sole authority to make sentence computations. See 28 C.F.R.§ 0.96; <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992); <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2nd Cir. 1997). Although the courts retain final authority regarding matters of constitutionality and statutory construction, BOP's policy regarding the award of prior custody credit has been upheld by the federal courts and is entitled to judicial deference. See <u>Reno v. Koray</u>, 515 U.S. 50, 61 (1995).

9.  Once administrative remedies are exhausted, prisoners may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under 28 U.S.C. § 2241. See <u>Rogers v. U.S.</u>, 180 F.3d 349, 358 (1st Cir. 1999). A Section 2241 petition is a civil proceeding in which a prisoner may (1) challenge the manner in which his sentence is being executed; (2) challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. *Id*, at 357; <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2nd Cir. 1997); <u>Martorana v. United States</u>, 873 F.2d 283, 285 (11th Cir. 1989).

10. A review of the BOP administrative remedy data system revealed that the defendant has not exhausted the administrative remedy procedure. Since the defendant failed to complete the administrative procedure, the government submits that this Court lacks jurisdiction to entertain the defendant's request of prior custody time credit.

11. Notwithstanding, if this Court were to conclude that the administrative remedies have been exhausted, the government submits that this matter should have been filed as a petition

for relief pursuant to Section 2241, and not as a motion under the original criminal case. Therefore, the defendant's nunc pro tunc motion should be denied.

12. In the alternative, if the Court deems that a nunc pro tunc motion is the proper means to address the defendant's request, it is the government's position that the time served by the defendant prior to sentencing is not creditable.

13. Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

14. Section 3583(b) provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**. (Emphasis added.)

15. In the case at hand, municipal authorities arrested the defendant for possession of a controlled substance in Guayama, Puerto Rico, on December 15, 1997. The defendant was sentenced by a state court to 132 months of imprisonment on March 9, 1999.

16. Subsequently, the defendant was charged in the federal jurisdiction with conspiracy to distribute narcotics in violation of Title 21, Section 841(a)(1) and Section 846. On August 24, 1999, federal authorities transferred the defendant from state custody to MDC Guaynabo pursuant to a writ of habeas corpus ad prosequendum. The defendant was detained

from August 24, 1999 through February 9, 2001, pending prosecution by federal authorities.

17.     On February 9, 2001, the U.S. District Court for the District of Puerto Rico sentenced the defendant to a term of 120 months of imprisonment to be served concurrently with any sentence that the defendant was serving at the state level.  The Court specified that the computation of the time to be served would start from the date of the federal sentence, and not from the date of the imposition of the state sentence.

18.     On April 9, 2001, the U.S. Marshal returned the defendant to his primary custodian, the Commonwealth of Puerto Rico.  On October 22, 2004, the defendant satisfied his state sentence and federal authorities acquired primary jurisdiction over him.

19.     From August 24, 1999 through February 9, 2001, while the defendant was housed at MDC Guaynabo pursuant to a writ of habeas corpus, he was still under the primary jurisdiction of the state.  Therefore, contrary to the defendant's assertions in the nunc pro tunc motion, the time that he spent in federal detention cannot be credited towards his federal sentence, as it would amount to a double credit proscribed by 18 U.S.C. § 3585.

20.     In general, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge. Courts have qualified this rule with an exception that applies if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one.  Thus if a federal detainer were lodged against a prisoner about to be released from state custody, any days that the state held him beyond what would otherwise have been his release date, to await the arrival of the federal marshal, would be time served in connection with his federal offense.  See U.S. v. Winter, 730 F.2d 825, 826-827 (1st Cir. 1984).  The defendant has

failed to show that said exception is applicable to the instant case.

    21.    In view of the foregoing, we respectfully move the Court to deny the defendant's nunc pro tunc motion, as he is not entitled to relief under the applicable statutes, case law and BOP policies. As the government has demonstrated above, the defendant not only has failed to exhaust administrative remedies, but he has also used an inappropriate vehicle to challenge the denial of custody time credit. Lastly, the defendant is not entitled to credit toward his federal sentence for time spent in state custody serving a state sentence.

    **WHEREFORE**, the United States of America respectfully moves this Court to deny the defendant's Motion for Nunc Pro Tunc Order for Clarification of Calculation of Time Served and the Clarification of Concurrent Sentence Pursuant to U.S.S.G. §§ 5G1.3(c).

    **RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this     day of February, 2006.

    H.S. GARCIA
    United States Attorney

    *s/ Sonia Torres*
    Sonia Torres
    USDC No. 209310
    United States Attorney's Office
    Chardón Tower, Suite 1201
    350 Carlos Chardón Street
    San Juan, Puerto Rico 00918
    Tel: (787) 766-5656
    Fax: (787) 766-5398
    Email: sonia.torres@usdoj.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this _____ day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the defendant, Jesús R. Banks-Rivera.

 

                                         *s/ Sonia Torres*
                                         Assistant United States Attorney